Neil K. JOHNSON, Appellant,

v.

Alberto O. MIERA and The State of
Minnesota, Respondents.

No. C2–88–1426.

Court of Appeals of Minnesota.

Jan. 3, 1989.

Review Denied Jan. 31, 1989.

See also, Minn.App., 424 N.W.2d 800.

Alf E. Sivertson, Michelle M. Barrette,
Sivertson & Barrette, P.A., St. Paul, for
appellant.

Marcy S. Wallace, John C. McNulty,
McNulty & Wallace, Hubert H. Humphrey,
III, Atty. Gen., Peter M. Ackerberg, Sp.
Asst. Atty. Gen., St. Paul, for respondents.

Heard, considered, and decided by
SHORT, P.J., and FORSBERG and
KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

Appeal is taken from the trial court's
dismissal of appellant's action for declara-
tory judgment declaring respondent, State
of Minnesota, obligated to indemnify re-
spondent, Alberto O. Miera, as an employee
of the state for the judgment against him.
We affirm.

## FACTS

On January 4, 1988, appellant, Neil K.
Johnson, commenced this action pursuant
to the Uniform Declaratory Judgments
Act, Minn.Stat. § 555.01 (1986), seeking a
declaration of the rights and obligations of
parties under Minn.Stat. § 3.736, subd. 9
(1986).

Appellant seeks a judgment declaring re-
spondent, State of Minnesota, obligated to
indemnify respondent, Alberto O. Miera,
for a judgment previously obtained by ap-
pellant against Miera in the sum of $122,-
589.60, plus costs and disbursements. Mi-
era has not requested indemnification from
the state for the judgment against him.

Appellant's action was dismissed by the
trial court pursuant to Minn.R.Civ.P. 12.02
on the grounds subject matter jurisdiction
is lacking as appellant does not have stand-
ing to bring a claim under Minn.Stat.
§ 3.736, subd. 9 (1986).

## ISSUE

May a judgment creditor assert a cause
of action under Minn.Stat. § 3.736, subd. 9,
when the judgment debtor has not request-
ed indemnification?

## ANALYSIS

Appellant sought a declaratory judgment
obligating respondent State of Minnesota

to indemnify respondent Miera for a previous money judgment against him, favoring appellant.

The decision turns upon the interpretation of Minn.Stat. § 3.736, subd. 9 which provides in part:

The state of Minnesota shall defend, save harmless, and indemnify any employee of the state against expenses, attorneys' fees, judgments, fines, and amounts paid in settlement actually and reasonably incurred by the employee of the state in connection with any tort, civil, or equitable claim or demand, or expenses, attorneys' fees, judgments, fines, and amounts paid in settlement actually and reasonably incurred by the employee of the state in connection with any claim or demand arising * * * out of an alleged act or omission occurring heretofore or hereafter during the period of employment if the employee provides complete disclosure and cooperation in the defense of the claim or demand and if the employee was acting within the scope of employment. * * *.

When a court is called upon to interpret a statute it is "required to discover and effectuate legislative intent, to consider objects which the legislature seeks to accomplish by the statute and the mischief sought to be remedied, and to avoid a result which would be absurd or would do violence to the language of the statute." *Peterson v. Haule*, 304 Minn. 160, 170, 230 N.W.2d 51, 57 (1975).

Here, the threshold question is whether appellant may properly assert a claim under Minn.Stat. § 3.736, subd. 9 where respondent Miera has not requested indemnification under the statute. Appellant argues he is entitled to assert the claim as a beneficiary of the statute because the purpose of the statute is to allow recovery for parties injured by the actions of state employees.

The trial court concluded the statutory purpose behind Minn.Stat. § 3.736, subd. 9 is not to benefit third parties who have been injured by the acts of a state employee, but rather, to shield the employee from financial ruin resulting from an act committed within the scope of employment.

Support for the holding that injured third parties are not the intended beneficiaries of the statute is found in the fact that under the statute the state refuses to extend its protection to every act of its employees. The statute protects the employee only in certain circumstances and upon certain conditions.

First, the state employee is entitled to indemnification only if the alleged act or omission occurred while the employee was acting "within the scope of employment" and if the act was not "malfeasance in office or willful or wanton actions or neglect of duty." *See* Minn.Stat. § 3.736, subd. 9. If the purpose of the statute was to benefit injured third parties these exclusions would frustrate that purpose by preventing certain injured parties from recovering under the statute.

Second, to be entitled to indemnification the employee must "provide complete disclosure and cooperation in the defense of the claim" Minn.Stat. § 3.736, subd. 9, and follow the specific procedures for seeking indemnification outlined in Minn.Stat. § 3.736, subd. 7. Both of these requirements indicate it is the employee who invokes the statute rather than the injured party. The fact that indemnification is predicated on the employee's cooperation and compliance with procedures supports the conclusion that the statute was intended to benefit the employees and not injured third parties.

Finally, under Minn.Stat. § 3.736, subds. 1 and 2 the legislature gave parties injured by state employees the right to bring an action against the state for its employees' acts. Thus, there is no need for injured parties to rely on the indemnification provisions for recovery and no basis for concluding the legislature enacted subdivision 9 to benefit injured parties.

Appellant further contends the state has conceded that third parties are intended

beneficiaries of Minn.Stat. § 3.736, subd. 9 by compensating respondent Miera's attorneys under this law. Appellant argues the state, prior to providing a defense for respondent Miera, "made an initial determination that Miera's conduct was within the scope of his employment and not willful or wanton. If the state did not make this determination, then it had no business providing a defense for Miera and paying his costs."

Respondent correctly points out the state is obligated by law to defend its employees. When appellant brought the initial action against respondent Miera, Miera denied a tortious act took place. Thus the state, pursuant to Minn.Stat. § 3.736, subd. 9, was obligated to defend its employee against the claim until the matter was finally resolved.

Since, as discussed above, the purpose of the statute is to benefit the state employee, refusing to provide the employee the expenses of a defense until there has been a final determination of the action could frustrate that purpose by effectively denying the employee an adequate defense. It does not follow that the decision to defend a state employee either requires the state to indemnify the employee for a subsequent judgment or in any way obligates the state to compensate the injured party.

## DECISION

The trial court's dismissal for lack of standing of appellant's claim for indemnification pursuant to Minn.Stat. § 3.736, subd. 9 is affirmed.

AFFIRMED.